**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: <br><br> CENTRAL GROCERS, INC., *et al.*, <br><br> Debtors. | Chapter 7 <br><br> Case No. 17-13886 <br> (Jointly Administered) <br><br> Hon. Janet S. Baer |
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., *et al.*,[1] <br><br> Plaintiff, <br><br> v. <br><br> DURAND PACEMAKER, INC., *et al.*, <br><br> Defendants. | Adversary No. 19-01018 |

## TRUSTEE'S OBJECTION TO MOTION TO VACATE ENTRY OF DEFAULT

Defendants have moved this Court to vacate its order entering them in default.[2] *See* Collective Motion to Vacate Entry of Default Pursuant to Federal Ruel of Civil Procedure 55(c) and Federal Rule of Bankruptcy Procedure 7055 (the "Motion").[3]  Howard B. Samuels (the "Trustee"), solely as chapter 7 trustee of the Debtors' estates, opposes the Motion.

### Background

1. Defendant Tony Dal Pra was a former director of debtor Central Grocers, Inc. ("CGI").  Dal Pra owns and controls the corporate defendants, who were customers of CGI.

---

[1] The Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).
[2] Docket No. 24.
[3] Docket No. 31.

During Dal Pra's tenure as director, an insolvent CGI transferred over $113,000 to his companies. The corporate defendants then refused to pay for over $500,000 of product that they had received from CGI on account. The corporate defendants then also ceased making payments on two loans totaling $1.21 million that they had received from CGI. Dal Pra and defendant Sheryl Casey guaranteed those loans. A few weeks later, CGI's creditors forced it into bankruptcy.

2. On March 13, 2019, the Trustee sent the defendants eleven demand letters seeking to negotiate a resolution of these claims. Defendants never substantively responded.

3. On November 19, 2019, the Trustee initiated this adversary proceeding.

4. On November 25, 2019, the Trustee effectuated service on the defendants.

5. On January 29, 2020, the defendants had neither appeared nor responded to the complaint, and the Trustee moved for entry of default and entry of default judgment. That same day, the Trustee served notice of the motion on the defendants via US Mail.

6. On January 30, 2020, the clerk asked the Trustee to revise the title of the motion. Trustee complied and served notice of the revised motion on the defendants via US Mail that same day.

7. On February 13, 2020, the Court entered the defendants in default. The Court directed that the Trustee file a declaration in support of the judgment and continued the motion to the March 12, 2020, omnibus hearing.

8. On March 3, 2020, the Trustee filed a declaration in support of his motion for default judgment. That same day, the Trustee served the declaration and a notice of hearing on the defendants via US Mail.

9. On March 9, 2020, the Defendants filed the Motion and set it for presentment just three days later.

**Argument**

10.  The Trustee opposes the Motion on at least three grounds.  First, the notice of the Motion was insufficient.  Under the case management order applicable to this adversary proceeding, motions served via ECF must be filed at least seven days before an omnibus hearing date.[4]  Motions served via US Mail must be served at least ten days before an omnibus hearing.[5]  Defendants, however, filed the Motion and served it via US Mail just two and a half days before the hearing.  That violates the order, and it is not enough time to formulate a substantive objection.

11.  Second, the Defendants concede that the Motion does not meet the applicable standard.  Defendants are correct that setting aside as an entry of default requires, among other things, allegations sufficient to establish a "meritorious defense."[6]  They acknowledge, however, that their Motion includes no allegations at all.[7]  They instead request twenty-eight (28) days to supplement the Motion with facts.

12.  The Court should deny the Defendants' request for an extension and enter the default judgment.  The Trustee sent Defendants no less than *forty* demand letters and notices related to this matter.  The Trustee waited three months from serving the complaint before presenting a motion for default, which the Court entered a month ago.  The only reason that the Trustee does not have a default judgment now is that the Court requested a declaration supporting damages, something that the Trustee was happy to provide.

13.  Finally, delaying the entry of judgment prejudices the Trustee.  The defendants have indicated that they intend to file for bankruptcy imminently, which will result in a stay of this

---

[4] Order Approving Second Amended Case Management Procedures ¶ 19 (*In re Central Grocers, Inc., et al.*, Bankr. N.D. Ill. 17-13886) (Docket No. 1401).
[5] *Id.*
[6] Motion ¶ 10-11.
[7] *Id.* ¶ 18.

3

adversary proceeding indefinitely. While a judgment may not improve the Trustee's priority, it will supply him a liquidated claim to file against the defendants' estates. Otherwise, the Trustee will have to keep the CGI estate open just so that he can someday litigate claims that he is entitled to judgment on now.

14.     The Trustee did the work and followed the rules. He is entitled to default judgment at this time. The Defendants can bring a proper motion to vacate the default judgment later, if appropriate.

For these reasons, the Trustee respectfully asks that the Court deny the Motion.

Dated: March 11, 2020.

Respectfully submitted,

*/s/ Leo B. Oppenheimer*
Eric D. Madden (admitted *pro hac vice*)
J. Benjamin King (admitted *pro hac vice*)
Leo B. Oppenheimer (admitted *pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@rctlegal.com
bking@rctlegal.com
loppenheimer@rctlegal.com

*Special Litigation Counsel to*
*Howard B. Samuels, Chapter 7 Trustee for the*
*Estates of Central Grocers, Inc., Strack and*
*Van Til Super Market, Inc., and SVT, LLC*

-and-

Michael M. Eidelman
William W. Thorsness
Allison B. Hudson
VEDDER PRICE P.C.

4

222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 (T)
(312) 609-5005 (F)
meidelman@vedderprice.com
wthorsness@vederprice.com
ahudson@vedderprice.com

*Counsel to Howard B. Samuels, Chapter 7 Trustee for the Estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

## CERTIFICATE OF SERVICE

Leo B. Oppenheimer, the undersigned attorney, hereby certifies that on March 11, 2020, he caused the foregoing **Trustee's Objection to Motion to Vacate Default** to be filed with the Court and served upon the parties to this adversary proceeding by the manner listed.

/s/ *Leo B. Oppenheimer*

**Electronic Mail Notice, via the Court's CM/ECF System**:

James E. Stevens
Darron M. Burke
BARRICK, SWITZER, LONG, BALSELY & VAN EVERA, LLP
6833 Statler Drive
Rockford, IL 61108
T: (815) 962-6611
F: (815) 962-1758
Jstevens@bslbv.com
dburke@bslbv.com

*Counsel to Defendants*

5